Fishell and wife v. Bell.

---

## FISHELL and wife *vs.* BELL.

A bill will lie to correct a misdescription in a deed, which occurred
through mistake, ignorance, or fraud.

In a suit brought for the correction of a deed, where the defendant's
oath to his answer is waived, the court will decree according to the
preponderance of the evidence.

When a clause in a deed is of ambiguous or doubtful construction,
parol evidence will be admitted to show the intent of the parties.

As when a deed given by one of nine heirs of real estate, to which also
there was an existing right of dower, conveying the interest of the heirs
in the descended lands, contained also the clause, "being a division
"after deducting the widow's dower, being one third as well in pos-
"session as in expectancy," it was held that parol evidence was
admissible to shew the intention of the parties as to the sale or re-
servation of the grantor's interest contingent upon the death of the
widow.

*A. Pratt,* for complainants.

*H. Gay,* for defendant.

THE VICE CHANCELLOR. This is a bill to correct an alleged misdescription in a deed, which occurred either through mistake, ignorance, or fraud.

The rule of law which is to govern this court in the exercise of its jurisdiction in matters of this kind, is very clearly established. This court has power to correct mistakes in every instrument; and parol evidence is admissible to shew the existence of the mistake. This whole doctrine is discussed by Chancellor Kent, with his usual fulness of research, in 2d John, Chan. Rep. 597. The same principles have since been repeatedly recognised, both as to the jurisdiction of the court, and the rules of evidence applicable to such cases. It is apparent, also, that there must be clear, irrefragible, and convincing proof of the existence of the mistake to justify the court in giving relief.

This rule was strongly insisted upon, and with great propriety, when the defendant's answer was under oath, and had of itself the force of evidence. If the mistake was denied by the answer, it is apparent that the complainants must furnish an amount of evidence sufficient to overbear the defendant's answer, before they could have a decree for relief.

That principle does not apply in this case. The oath of the defendant to his answer was waived by the complainants; and both parties are left to prove their respective cases. It is a mere issue between them to be decided by the preponderance of the evidence. It is true that so solemn an instrument as a deed of lands should not be modified, except upon a

clear case established by proof; but the same amount of proof is not necessary here, as would be required if the defendant's answer had the force of evidence.

We have only then to carefully examine the proofs, and see on which side the weight of evidence preponderates.

The complainant, Polly Fishell, is one of nine heirs of John Bell, deceased. As such heir, she is entitled to one equal undivided ninth part of the real estate of the said John Bell, situated in Rush and Henrietta, and estimated to contain about 224 acres of land. In 1830 the widow of John Bell was living and entitled to her dower in the whole estate.

In 1830 the complainants state in their bill, that they made a contract to sell to the defendant the complainants' interest in said real estate, except that part in which the widow had a right of dower, at $25 per acre, and that the amount should be ascertained by the person who drew the deed. Both parties went to the scrivner. A deed was drawn and executed, dated July 15, 1830, consideration $416 09, conveying all the interest of the said Polly Fishell, being one ninth part in the premises; concluding with this sentence, " being a division after " deducting the widow's dower, being one third, as " well in possession as in expectancy." The complainants alledge that it was not intended by either party to the contract, that the complainants' interest in the widow's thirds should be conveyed. A man of much more intelligence than the complainant might believe, from the phraseology of the deed, that this interest was expressly reserved. The complainants state in their bill that the legal effect of this instrument, is to convey the whole interest of the com-

June, 1839. plainant's in the lands. This is also claimed in the answer; and it has been judicially decided, on an application for a partition, that this was the legal effect of this deed. We must, therefore, assume it to be such. If there was any mistake in carrying out the actual intention of the parties, by the instrument executed, the scrivner who drew the instrument would be the person most likely to be able to give some account of what the actual contract was. He has been very ingenious in framing a deed which it is almost impossible to comprehend, while his testimony given to elucidate it is so much more ingenious that it is really quite incomprehensible. If, according to the impression of this witness, the complainants were to convey their whole interest, there would have been nothing said about the right of dower in the deed, it being a mere quit claim; and if the sale had been for a round sum for the whole interest, there would have been no necessity for any arithmetical calculation. It seems that a computation of some kind was made by this witness, Price, at some rate or assumed value per acre; but that value he does not recollect, and the court is certainly left in the dark as to the precise nature of the computation, particularly that part of it connected with the widow's right of dower. It is evident that this witness had not the means or the scientific knowledge, to enable him to compute the value of the widow's interest in the land; yet this interest was a subject of computation and conversation for some purpose, and what that purpose was we must look to other circumstances to explain. The quantity of land in both farms is about 224 acres. The *exact* quantity which was made out, after deducting the land sold to Stock-

*Fishell and wife v. Bell.*

bridge, is not stated. The widow's interest would
be equivalent to 79 2-3 acres, and one ninth of the
remainder would be something more than 16 1-2
acres, which, at $25 per acre, would give about the
sum mentioned as the purchase money in the deed.
It is to be inferred from Price's testimony that some
price per acre had been agreed upon by the parties,
though he does not recollect the amount. It is evi-
dent from the consideration inserted in the deed, that
a computation had been made, and that the result of
that computation, $416 09, was the exact price which
the complainants were to have for the interest intended
to be conveyed. If their interest in the widow's share
was intended to be conveyed, the clause in relation to
that interest should never have been inserted in the
deed. I think the consideration stated in the deed, and
the clause in relation to the widow's interest, both
have a connection with, and a material bearing upon,
the testimony of Price, and such a bearing as to leave
us to infer that he has fallen into some misrecollec-
tions at least, and probably some forgetfulness.

There are a number of other witnesses, whose
testimony has a bearing upon the case. I have col-
lected and examined these depositions with care; and
though the subject is certainly not without consider-
able doubt, yet, I am inclined to come to the conclu-
sion that the contract between the parties was as
the complainants have alleged, and consequently that
the deed, according to its admitted and decided legal
import, has not carried out the intentions of the par-
ties. The proofs which have led me to this conclu-
sion would not have been sufficient in my mind, if
there was no ambiguity in the deed. But the lan-
guage of the deed, connected with the proofs, seems

6

Aug. 1839.

Redfield
and others
v.
The Super-
visors of
Genesee co.
and others.

to me to establish the position with reasonable certainty.

I shall, therefore, decree that the defendant quit claim, and release to the complainant, Polly Fishell, with covenants against his own acts, all the interest in and to the two farms mentioned in the pleadings, which the defendant derived under, and by virtue of the deed from the complainants of July 15, 1830, except such interest as the said Polly Fishell was entitled to the possession of, before the death of Margaret Bell, wife of John Bell, deceased, and pay the complainants' costs of this suit.